JS-6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILKSONGS, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., EAST JESUS MUSIC, and BUT MOM I LOVE MUSIC, | CASE NO.: 8:24-CV-02231-MEMF-JDE |
| Plaintiffs, v. | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [DKT. NO. 37]** |
| COSTELLO, LLC, and GERALD T. COSTELLO, | |
| Defendants. | |

Before the Court is the Motion for Default Judgment filed by Plaintiffs. Dkt. No. 37. For the reasons stated below, the Moton is GRANTED.

/ / /

/ / /

/ / /

1

I.    **Background**

A.  **Factual Background**[1]

Plaintiffs Milksongs, W Chappell Music Corp. (doing business as WC Music Corp.), East Jesus Music, and But Mom I love Music (collectively, "Plaintiffs") hold the copyright for three original musical compositions ("the Songs"). Compl. ¶ 4. Defendant Costello LLC is a California limited liability company. *Id.* ¶ 5. It owns and operates a business known as Costello's in Mission Viejo, California. *Id.* ¶ 6.  The managing member of Costello LLC is Defendant Gerald T. Costello (together with Costello LLC, "Defendants"[2]). *Id.* ¶ 8.

The American Society of Composers, Authors, and Publishers ("ASCAP") is a membership organization that represents, licenses, and protects the public performance rights of its members. *Id.* Each ASCAP members grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical corporations. *Id.* ¶ 14. Then, on behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members. *Id.*

Plaintiffs are members of ASCAP. *Id.* ¶ 13. Defendants obtained an ASCAP license agreement for Costello's in 2016. *Id.* ¶ 15. But Defendants failed to pay the required license fees. *Id.* So, on April 30, 2019, ASCAP terminated the ASCAP license for Costello's. *Id.* Upon expiration of Costello's ASCAP license, ASCAP informed Defendants that future unauthorized performances of ASCAP's members' musical compositions at Costello's would constitute copyright infringement. *Id.* ¶ 19. Nevertheless, Costello's, through Defendants' actions, has continued to present public performances of the copyrighted musical compositions of ASCAP members. *Id.* ¶ 20. The Songs are among the works wrongfully presented at Costello's. *Id.*

/ / /

/ / /

/ / /

---

[1] Unless otherwise indicated, the following factual background is derived from the allegations in Plaintiff's Complaint. Dkt. No. 1 ("Compl."). The Court makes no findings on whether the statements are true.

[2] As this Court explains below, Costello LLC is the only remaining defendant, and Plaintiffs only seek default judgment against Costello LLC. *See generally* Dkt. No. 37 ("Motion").

### B. Procedural History

On October 15, 2024, Plaintiffs filed the operative Complaint against Defendants, alleging violations of the federal Copyright Act, 17 U.S.C. §§ 101 *et seq. See generally* Compl. Per the parties' stipulation, Defendants' answer to the Complaint was due on January 21, 2025. Dkt. No. 15.

On January 21, 2025. Defendants answered the Complaint. Dkt. No. 16 ("Answer"). On September 1, 2025, Defendants withdrew their Answer. Dkt. No. 31.

On September 11, 2025, Plaintiffs requested for the Clerk of Court to enter Default against Costello LLC. Dkt. No. 32. The Clerk entered Costello LLC's default on September 15, 2025. Dkt. No. 33.

On September 23, 2025, Plaintiffs filed a Motion to Dismiss the Case Against Gerald T. Costello without prejudice. Dkt. No. 23. This Court granted that Motion. Dkt. No. 36.

On October 24, 2025, Plaintiffs filed the instant Motion for Default Judgment against Defendant Costello LLC. Dkt. No. 37 ("Motion"). This Court ordered Plaintiffs to provide notice of the hearing date on the Motion—December 11, 2025—and file a proof of service indicating that such notice was given. Dkt. No. 38. Plaintiffs accordingly filed a proof of service on December 9, 2025. Dkt. No. 39.

This Court held a hearing on December 11, 2025. At the hearing, neither Defendants nor their counsel were present. Counsel for Plaintiff represented that Plaintiffs submitted on the tentative order.

### II.   Applicable Law

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice if required by Rule 55(b)(2). C.D. Cal. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III.   Discussion

#### A.  Plaintiffs Have Satisfied Procedural Requirements.

As an initial matter, the Court has jurisdiction over Plaintiffs' claims. As Plaintiffs allege violations of the federal Copyright Act, their claims arise under federal law pursuant to 28 U.S.C. § 1331. *See* Compl. Moreover, the Court is satisfied that personal jurisdiction exists over the parties and venue is proper. The Complaint alleges that Costello LLC is a California company with its principal place of business in this District, *see id.* ¶¶ 5-6, and the events alleged in the Complaint took place within this District, *see id.* ¶ 7.

Costello LLC was properly served with the summons and Complaint. Dkt. No. 12. Pursuant to Federal Rule of Civil Procedure 55, Plaintiffs sought entry of Costello LLC's default by the Clerk of the Court, which was entered on September 15, 2025. Dkt. Nos. 32, 33. Therefore, the requisite procedural requirements for seeking default judgment have been met.

#### B.  The *Eitel* Factors Weigh in Favor of Granting Default Judgment.

The Court next considers the *Eitel* factors and finds that they weigh in favor of granting default judgment.

##### i.   Plaintiffs will suffer prejudice in the absence of default judgment.

First, the Court considers whether Plaintiffs will suffer prejudice if default judgment is not entered. Here, based on the facts established by the Complaint, the Court concludes that Plaintiffs

would suffer prejudice from being deprived a right of judicial resolution of their claims and a remedy for their injuries. Accordingly, this factor weighs in favor of granting default judgment.

### ii.   The Complaint sufficiently states meritorious claims.

Next, pursuant to the second and third *Eitel* factors, the Court considers whether Plaintiffs have stated a valid claim for which they can seek relief. *See Kloepping v. Fireman's Fund*, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996) ("The Ninth Circuit has suggested that [the factors] involving the substantive merits of plaintiff's claim and the sufficiency of the complaint – require that plaintiffs' allegations 'state a claim on which the [plaintiff] may recover.'" (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Plaintiffs state that they seek a default judgment as to their copyright infringement claim. *See* Motion at 1. The Court finds that the Complaint sufficiently demonstrates a meritorious claim for copyright infringement.

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (citing *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). Plaintiffs' complaint states sufficient facts to establish both elements. As to the first, Plaintiffs allege that they own the copyrights to the Songs, which are original musical compositions; they attach a Schedule A to the Complaint, which lists each plaintiff as the owner of one of the three Songs, including statements of each of the Songs' date of publication and certificate of registration number. Compl. ¶ 4; *id.* at Schedule A. These statements, taken together and construed as true, establish that Plaintiffs owned the copyrights to the Songs. And, as to the second, Plaintiffs allege that, on August 10 and 11, 2024, Defendants have unauthorizedly presented public performances of Plaintiffs' Songs without an ASCAP license. *Id.*; *id.* at ¶¶ 18-20. And the Ninth Circuit has instructed that "infringing performances" at a venue without authorization to perform copyrighted materials constitutes copyright infringement. *See Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148 (9th Cir. 2012). So, in sum, Plaintiffs' Complaint adequately states a claim for copyright infringement. This factor weighs in favor of granting Plaintiffs default judgment.

### iii.   The sum of money at stake is supported by the conduct alleged.

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *Eitel*, 782 F.2d at 1471-72. Generally, default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to the defendant's conduct. *Id.* at 1472.

Here, Plaintiffs have attached substantial documentation substantiating their requests for costs and fees, and have reasonably explained the statutory damages amount sought. Motion at 9-11. The Court finds the Plaintiffs' requested amount of $109,043.55 is reasonable and appropriate, particularly given the several alleged copyright infringements. *See* Section IV *infra.* Accordingly, the Court finds this factor weighs in favor of granting default judgment.

iv.   There is little possibility of dispute concerning the material facts.

Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *See TeleVideo Systems*, 826 F.2d at 917-18. Here, the Complaint alleges the facts necessary to establish its claims, and default has been entered against Costello LLC as Costello LLC has neither appeared nor asserted any defenses. Thus, there is no possibility of a dispute of material fact at this time. Accordingly, the Court finds that this factor weighs in favor of granting default judgment.

v.   It is unlikely that Plaintiffs acted with excusable neglect.

The Court next considers whether the default resulted from excusable neglect. It appears that Costello LLC was properly served with the Summons and Complaint. Dkt. No. 12. Moreover, per this Court's Order, Plaintiffs informed Costello of the Motion and the December 11, 2025, hearing. Dkt. No. 39. Accordingly, it appears unlikely that the default is a result of excusable neglect, and therefore this factor weighs in favor of granting default judgment.

vi.   The policy favoring resolution on the merits is negligible.

Although there is a preference to resolve cases on the merits, it is Costello's failure to respond to the Complaint that makes such a resolution impossible. Therefore, the Court finds that this factor is negligible in making a finding on whether to grant default judgment.

**IV.   Damages**

As discussed in Section III.B.iii, *supra*, the Court finds the requested damages reasonable.

6

Plaintiffs' calculation of statutory damages is calculated based on the amount of licensing fees that Costello LLC would have been required to pay had it obtained an ASCAP license, multiplied by the number of infringements alleged. Motion at 9-10. And, as for costs and fees, Plaintiffs have documented the legal work performed on this matter, and its documentation of both hourly rates and hourly totals appears reasonably specific. *See* Declaration of Sharon D. Mayo, Dkt. No. 37-1, Ex. A. They have also itemized the costs that Plaintiffs have incurred in this case, including filing fees and costs for service of process. *Id.* Ex. B. This Court finds the damages sought reasonable and the documentation of those damages sufficient.

## V.   **Conclusion**

For the foregoing reasons, the Court hereby GRANTS the Motion for Default Judgment and ORDERS as follows:

1.   Judgment shall be entered on the Complaint against Costello LLC in a total amount of $109,043.55, comprising:

 a.   Statutory damages in the amount of $48,000;

 b.   Costs and fees in the amount of $61,043.55.

IT IS SO ORDERED.

Dated: March 25, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge